UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTESSENTIAL, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QUINTESSENTIAL BRANDS S.A., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-01722-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 65 |

Defendants Quintessential Brands S.A., Quintessential Brands North America, LLC, and MHW, Ltd., ask to dismiss plaintiff Quintessential, LLC's first amended complaint for failure to state a claim under Rule 12(b)(6). Dkt. No. 65. Defendants do not challenge plaintiff's first cause of action for trademark infringement, but seek dismissal of plaintiffs' remaining, second through ninth causes of action. *Id.*

The motion is suitable for decision without oral argument. Civil L.R. 7-1(b). The parties' familiarity with the record is assumed, and the motion is granted. The hearing set for February 10, 2022, is vacated.

**DISCUSSION**

1. Trade Secret Misappropriation under Cal. Civ. Code § 3426 et seq. and 18 U.S.C. § 1836 et seq. (Fifth Cause of Action): Plaintiff has not plausibly alleged a trade secret misappropriation claim. To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This calls for enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility analysis is 'context-specific' and not only invites, but 'requires the reviewing court to draw on its judicial

experience and common sense.'" *Cannara v. Nemeth*, 467 F. Supp. 3d 877, 882 (N.D. Cal. 2020) (citing *Iqbal*, 556 U.S. at 679), *aff'd*, 21 F.4th 1169 (2021).

Here, the only factual allegation plaintiff has made is that it had a password-protected supplier account with an alcohol beverage distributor, Republic National Distribution Company ("RNDC"); and defendants must have obtained access to that account at some point because in May 2019, one of defendants' products was added to plaintiff's list of distributed products. Dkt. No. 63 (FAC) ¶¶ 89, 92-93. This is speculative, conclusory, and insufficient to state a plausible trade secrets claim.

The identification of the "trade secrets" in dispute is also unduly vague. Plaintiff says that they "include and are generally described as confidential, nonpublic brand and product data by state, including product attributes, competing products and other confidential information as contained in plaintiff's password-protected RNDC SNIR account." *Id*. ¶ 96. That does not provide sufficient clarity to be actionable. *See MBS Engineering Inc. v. Black Hemp Box, LLC*, No. 20-cv-02825-JD, 2021 WL 2458370 (N.D. Cal. June 16, 2021).

On the issue of whether defendants "acquired" the ostensible trade secrets, plaintiff offers only the speculative and conclusory allegation that "[i]n unlawfully obtaining access to Plaintiff's RNDC SNIR account Defendants acquired Plaintiff's confidential data." *Id*. ¶ 95. For misappropriation and whether defendants knew or had reason to know that "the trade secret was acquired by improper means," Cal. Civ. Code § 3426.1(b)(1), 18 U.S.C. § 1839(5)(A), plaintiff acknowledges that defendants' access to plaintiff's RNDC account may have been "inadvertent," FAC ¶ 101, which is contrary to what the statutes require.

These allegations do not add up to a plausible trade secret misappropriation claim. The fifth cause of action is dismissed.

2. <u>Refusal of Trademark Application and Cancellation of Trademark (Eighth and Ninth Causes of Action)</u>: Plaintiff's first cause of action, which defendants have not challenged, alleges that defendants are infringing plaintiff's "QUINTESSENTIAL" mark. FAC ¶ 66. Plaintiff's eighth cause of action asks the Court to declare as invalid defendant Quintessential Brand S.A.'s application for federal registration of "QUINTESSENTIAL BRANDS," *id*. ¶ 116, and the ninth

cause of action requests that the Court cancel defendants' "Q QUINTESSENTIAL" mark. *Id*. ¶¶ 122, 128.

The eighth and ninth causes of action must be dismissed because plaintiff's requested relief is not available under the statute it has cited, namely 15 U.S.C. § 1119. FAC ¶¶ 120, 128. "[C]ancellation may only be sought if there is already an ongoing action that involves [that] registered mark." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 599 (9th Cir. 2014). This is because Section 37 of the Lanham Act, 15 U.S.C. § 1119, "creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction." *Id*. (quotations and citations omitted). This case does not involve infringement allegations for those marks that plaintiff seeks to have canceled and declared invalid in its eighth and ninth causes of action. The claims are dismissed on that basis.

3. <u>California Unfair Competition Law Claim (Sixth Cause of Action)</u>: It is impossible to tell from plaintiff's allegations which prong(s) of the UCL it is invoking, or on what factual basis. *See* FAC ¶¶ 107-11. The claim is consequently dismissed under Rule 12(b)(6) and Rule 8.

4. <u>Contributory Trademark Infringement and Vicarious Trademark Infringement (Third and Fourth Causes of Action)</u>: Plaintiff's allegations for these causes of action are nothing but legal conclusions. *See*, *e.g.*, FAC ¶ 75 ("To the extent that MHW and QB N.A. have directly infringed on Plaintiff's trademark rights, Defendant QB S.A. induced MHW and Q.B. N.A. to import, distribute market and sell alcoholic beverages bearing the infringing QUINTESSENTIAL BRANDS mark, knowing that such importation, distribution, marketing, and sale infringed on Plaintiff's trademarks."); ¶ 82 ("Upon information and belief, Defendant QB N.A. is a partner and agent of QB S.A. in the United States and has actual authority to enter into binding contracts with third parties in the United States on QB S.A.'s behalf. Accordingly, to the extent that QB N.A. has directly infringed on Plaintiff's trademarks, QB S.A. may be held liable."). Conclusory allegations like these fail to cross the plausibility threshold. *Twombly*, 550 U.S. at 570. The third and fourth causes of action are dismissed.

5. <u>Common Law and Federal Unfair Competition (Second and Seventh Causes of Action)</u>: Plaintiff's seventh cause of action alleges that defendants' acts of unfair competition have violated

"the common law of the State of California and the United States of America." FAC ¶ 113.

Under California law, "[t]he common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off' one's goods as those of another . . . , or acts analogous to 'passing off,' such as the sale of confusingly similar products, by which a person exploits a competitor's reputation in the market." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1147 (9th Cir. 1997) (quoting *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1263 (1992)) (cleaned up). Common law unfair competition claims are properly dismissed where "plaintiffs' allegations do not amount to 'passing off' or its equivalent." *Id*. That is the case here.

What the unfair competition claim under "the common law of . . . the United States of America" might be, FAC ¶ 113, is impossible to divine from the complaint. Plaintiff's opposition brief sheds no light on this issue, as it discussed only the California common law unfair competition claim. Dkt. No. 67 at 15. The federal common law unfair competition claim is dismissed.

So too for the Lanham Act claim alleged in plaintiff's second cause of action. More factual details should be added on amendment.

## CONCLUSION

Given the stage of this case, the Court finds it appropriate to provide plaintiff with an opportunity to amend all of the claims dismissed above. Plaintiff may file an amended complaint by February 28, 2022. No new claims or defendants may be added without prior approval from the Court.

**IT IS SO ORDERED.**

Dated: February 7, 2022

_____
JAMES DONATO
United States District Judge

4