# EXHIBIT A

| From: | Christopher J. Passarelli |
|---|---|
| To: | Ou, Philip |
| Cc: | Chaikovsky, Yar R.; Okano, David; Chung, Woenho; Trevino, C. Daniel; Brett Leininger; Valerie R. Perdue; QUIN002_00011_QUINTESSENTIAL_LLC_IP LTG_v_Quintessential Brands S_A_et al_Emails |
| Subject: | [EXT] RE: Quintessential Wines v. Quintessential Brands - Limited Depositions of Declarants/Representatives [IWOV-ATTORNEY.FID746871] |
| Date: | Thursday, February 2, 2023 1:49:39 PM |
| Attachments: | image001.png |
| | image002.png |

--- External Email ---

Hello Phil:

I am not aware of any meet and confer requirement for the Motion to Strike.

Defendants' recent Opposition filing is a clear violation of mediation privilege, and a breach of the parties' agreements. I would expect you to instantly recognize as much, and frankly I hold very little optimism that you will now suddenly realize this, and agree to rectify the matter by virtue of my outreach.

For the sake of being practical, below are the specific portions we identified as constituting a violation/breach.

Please let us know if Defendants are willing to withdraw the Opposition brief, or the below-identified portions thereof, or willing to agree to shortening of time to hear a Motion to Strike the same.

| | |
|---|---|
| Oppo: 2:26 – 3:2 | "The addition of 'and related' was raised by Mr. Visone in direct discussions with Mssrs. Kreps, while in the presence of Judge Walker. Mr. Visone emphasized that the purpose of 'related' was solely to allow the filing of a U.S. trademark application for 'Quintessential Brands' in **Class 32** relating to non-alcoholic beverages . . . " (citations omitted) |
| Oppo: 5:9–10 | "given the inconsistency between their declarations and statements during and following the mediation." |
| Oppo: 6:24 – 6:26 | "I think I remember a discussion beginning around the June meeting that began to lay out all of the details but it was agreed it was not necessary." |
| Oppo: 11:3 – 11:10 | "While modifying QBNA's email domain name was discussed during mediation, it was never a term agreed to be included in the Term Sheet. **Both** parties were aware that QBNA's email domain name would not change. Indeed, in an October 3, 2022 email, Mr. Kreps of QWines conceded to Mr. Visone that the express provisions of section 7 did not require QBNA to change its email name (Mr. Kreps admitting: 'I assumed when you agreed to the US based website that included changing the emails as well.')." (citations omitted) |
| Visone Decl. 3:4 – 3:13 | "QBNA's email domain name was discussed by the parties . . . . I voiced my opposition . . . . As a result of my opposition . . . . The compromise reflected in Section 7 of the Term Sheet was discussed . . . [O]mission of a requirement for QBNA to change its email domain name, reflects the negotiated terms . . . ." |
| Visone Decl. 5:2 – 5:6 | I told the Kreps [during the June 7, 2022, session] that . . . . Judge Walker suggested . . . . After considering the proposed revisions" |
| Ou Decl. 1:23 – 1:25 | "Having sat with Mr. Passarelli . . . immediately after the parties discussed them in a joint session . . . ." |
| Ou Decl. 2:27 – 3:3 | As Mr. Passarelli and I sat together to draft the relevant provisions of the Term Sheet [on June 7, 2022], I wanted to understand whether Mr. Passarelli remembered my explanation to him and his clients. |
| Ou Decl. 3:21 – 4:28 | [Containing statements about the parties' discussions, statements made by each party, and details of writings prepared during the mediation pertaining to Section 7 of the Term Sheet.] |
| Ou Decl. 5:9 – 5:26 | [Containing statements about the parties' discussions and statements made pertaining to Sec. 10 of the Term Sheet.] |
| Oppo: 3:2 – 3:5 | "Mr. Visone did not indicate to Mssrs. Kreps that 'and related' included any other application. Mr. Visone did not discuss with Mssrs. Kreps, nor did the parties ever discuss during the mediation session, any foreign trademarks or foreign trademark proceedings in the EU and UK." (citations omitted) |
| Oppo: 4:5 – 4:10 | " 'non-US marks' were 'never discussed or agreed to during the mediation . . . It did not include any terms relating to non-US marks as they were |

| | never discussed." |
|---|---|
| Oppo: 14:13 – 14:16 | "The addition of 'related applications' was intended to cover a soon-to-be-filed United States trademark application in Class 32 for non-alcoholic beverages. There was never any discussion of adding terms covering foreign trademarks or parties not named in the litigation." |
| Oppo: 14:19 – 14:21 | "In response, Defendants repeatedly emphasized that foreign applications were never agreed to be included in Section 10 (citations) (July 6, 2022 email explaining that Section 10 'did not include any terms relating to non-US marks as they were never discussed')." |
| Visone Decl. 5:6 – 5:10 | "During these discussions, I did not communicate . . . . Nor did Mssrs. Kreps suggest or discuss . . . . |
| Oppo. Sec. 2.C. | ["The Parties' unsuccessful efforts to execute a final settlement agreement"] |
| Oppo. Sec. 2.E | [Correspondence between Mr. Visone and Mssrs. Kreps.] |
| Oppo: 14:17 – 14:19 | "QWines attempted to add terms relating to foreign applications for the first time in June 22, 2022, in its response to Defendants' proposed draft of a final settlement agreement." (citations omitted.) |
| Visone Decl. 3:18 – 4:13 (and Exhibit B) | "On September 15, 2022, I received an email from Dennis Kreps . . . [in which he wrote] '[m]y suggested fix to the email situation is . . . .' I responded to Mr. Kreps that day. In my response, I explained . . . . [continuing conversations attempting to agree on language for formal settlement agreement.] |
| Ou Decl. 1:16 – 3:13 | Detailed descriptions of discussions pertaining to formal settlement agreement (documentation of settlement) |
| Ou Decl. Exhibit G | [Containing most of the discussions relating to documentation of the settlement (i.e., negotiation and execution of the formal, long-form settlement agreement). |

Thank you,
Chris Passarelli

CHRISTOPHER J. PASSARELLI, ESQ
PARTNER
-
707.261.7000
cp@dpf-law.com



www.dpf-law.com

Dickenson Peatman & Fogarty
We have moved! 1500 First St., Ste. 200, Napa, CA 94559

For current wine law news, visit www.lexvini.com

CYBERSECURITY WARNING:   All communications from Dickenson, Peatman & Fogarty PC originate from the email domain dpf-law.com. Please verify the identity of senders before sharing private or confidential information. If you have any concerns regarding the authenticity of a communication to you, please notify us by telephone at (707) 261-7000 or email at dpf@dpf-law.com.

CONFIDENTIALITY NOTICE:   This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding this to dpf@dpf-law.com or by telephone at (707) 261-7000, and destroy the original transmission and its attachments without reading or saving in any manner.  Thank you.

**From:** Ou, Philip <philipou@paulhastings.com>
**Sent:** Thursday, February 2, 2023 1:30 PM
**To:** Christopher J. Passarelli <cp@dpf-law.com>
**Cc:** Chaikovsky, Yar R. <yarchaikovsky@paulhastings.com>; Okano, David <davidokano@paulhastings.com>; Chung, Woenho <woenhochung@paulhastings.com>; Trevino, C. Daniel <cdanieltrevino@paulhastings.com>; Brett Leininger <BLeininger@dpf-law.com>; Valerie R. Perdue <vperdue@dpf-law.com>; QUIN002_00011 _QUINTESSENTIAL_ LLC _IP LTG _ v_ Quintessential Brands S_A_ et al_ Emails <{F746871}.ATTORNEY@shark.dpfnapa-int.net>

**Subject:** RE: Quintessential Wines v. Quintessential Brands - Limited Depositions of Declarants/Representatives [IWOV-ATTORNEY.FID746871]

[External Email]

Hi Chris,

Can you be more precise as to what you are referring to by "confidential mediation statements"?

I'll also note that you've had our Opposition for 3 weeks, and so it is surprising to hear about this on the day your reply is due. Demanding that we either (1) withdraw that Opposition or (2) provide our position on a motion to strike that you have not explained the basis and the parties have not met and conferred on as required by this Court's rules, in a matter of hours, when you are aware we have an international client for which it is currently after business hours, is not well received.

Please identify the statements that are the subject of your contemplated motion to strike.

Thanks,
Phil

---

**From:** Christopher J. Passarelli <cp@dpf-law.com>
**Sent:** Thursday, February 2, 2023 1:02 PM
**To:** Ou, Philip <philipou@paulhastings.com>
**Cc:** Chaikovsky, Yar R. <yarchaikovsky@paulhastings.com>; Okano, David <davidokano@paulhastings.com>; Chung, Woenho <woenhochung@paulhastings.com>; Trevino, C. Daniel <cdanieltrevino@paulhastings.com>; Brett Leininger <BLeininger@dpf-law.com>; Valerie R. Perdue <vperdue@dpf-law.com>; QUIN002_00011 _QUINTESSENTIAL_ LLC _IP LTG _ v_ Quintessential Brands S_A_ et al_ Emails <[F746871]_ATTORNEY@shark.dpfnapa-int.net>
**Subject:** [EXT] FW: Quintessential Wines v. Quintessential Brands - Limited Depositions of Declarants/Representatives [IWOV-ATTORNEY.FID746871]
**Importance:** High

**--- External Email ---**

Some people who received this message don't often get email from cp@dpf-law.com. Learn why this is important

Hello Phil,

We note that Defendants have filed confidential mediation statements with their Opposition against Plaintiff's Motion to Enforce the Settlement Agreement. If Defendants do not agree to withdraw such materials, Plaintiff will be forced to file a Motion to Strike such matter, along with a Motion to Shorten Time in order to have the Court hear all pending matters on the February 16, 2023 hearing date for Plaintiff's Motion to Enforce.

Please let us know if Defendants will withdraw the Opposition brief, or instead stipulate to a request shortened time on Plaintiff's Motion to Strike the same. If we do not hear from you by the end of today, we will understand this to mean that Defendants do not so agree to withdraw the brief or to stipulate to shortened time for the hearing on Plaintiff's Motion to Strike.

Thank you,
Chris Passarelli

CHRISTOPHER J. PASSARELLI, ESQ
PARTNER
-
707.261.7000
cp@dpf-law.com



www.dpf-law.com