# EXHIBIT B

| | |
|---|---|
| **From:** | Ou, Philip |
| **To:** | Christopher J. Passarelli |
| **Cc:** | Chaikovsky, Yar R.; Okano, David; Chung, Woenho; Trevino, C. Daniel; Brett Leininger; Valerie R. Perdue |
| **Subject:** | RE: Quintessential Wines v. Quintessential Brands - Motion to Seal |
| **Date:** | Friday, February 3, 2023 10:34:56 AM |

Chris,

While we are still reviewing your motion to strike and motion to shorten time filed early this morning, we understand that you have raised a concern regarding protecting allegedly confidential information that is currently on the public record. Dkt. No. 100 at 2:27-3:1 ("Expedited relief is appropriate in order to strike the offending allegations… and remove such statements from the public record as quickly as possible…"); 3:5-6 ("Good cause exists to grant an Order shortening time, in order to preserve the confidentiality provision the Parties agreed to in the Agreement to Mediate…").

Candidly, we are surprised that your client is taking this position considering you filed the Binding Term Sheet **publicly** with your Motion to Enforce the Settlement Agreement in December 2022. Can you please explain what permitted Plaintiff to file the Binding Term Sheet publicly in view of the positions you are taking with respect to the confidentiality obligations set forth in Agreement to Mediate? To be clear, we considered filing our response and supporting declarations under seal, but did not believe we could meet the requirements for sealing in view of your public filing of the Binding Term Sheet.

That aside, to immediately address the confidentiality concerns you have raised, we do not oppose you filing a motion to seal the statements identified in your motion to strike if you believe they are confidential and should not be on the public record. We are surprised that you have not sought to seal this information (or even raise it with us) sooner, as you've had our brief for three weeks. If you would like to prepare a motion to seal for our review, we are happy to sign-off. You may also consider contacting the Court's clerk to temporarily take the filings off the public record.

Thanks,
Phil

**From:** Christopher J. Passarelli <cp@dpf-law.com>
**Sent:** Thursday, February 2, 2023 2:26 PM
**To:** Ou, Philip <philipou@paulhastings.com>
**Cc:** Chaikovsky, Yar R. <yarchaikovsky@paulhastings.com>; Okano, David <davidokano@paulhastings.com>; Chung, Woenho <woenhochung@paulhastings.com>; Trevino, C. Daniel <cdanieltrevino@paulhastings.com>; Brett Leininger <BLeininger@dpf-law.com>; Valerie R. Perdue <vperdue@dpf-law.com>
**Subject:** [EXT] Re: Quintessential Wines v. Quintessential Brands - Limited Depositions of Declarants/Representatives [IWOV-ATTORNEY.FID746871]

*--- External Email ---*

Hello Phil:

The basis for a motion to strike is (1) breach of the mediation agreement, and (2) violation of the mediation confidentiality doctrine by filing such statements on the public record.

The shortened time would give defendants a week to file an opposition brief to the motion to strike (due February 9) and plaintiff's reply would be due the following Monday before the hearing.

Thank you,

**CHRIS PASSARELLI**
PARTNER

D: 707.261.7000
M: 415.640.6594
cp@dpf-law.com

www.dpf-law.com

Dickenson Peatman & Fogarty
We have moved! 1500 First St., Ste. 200, Napa, CA 94559

For current wine law news, visit www.lexvini.com